UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA RAMOS,<br><br>       Plaintiff,<br>   v.<br><br>JOSE LUIS JUAREZ, ET. AL,<br><br>       Defendants.<br>_____/ | No. C-10-1730 PJH (JCS)<br><br>**REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS**<br><br>**[Docket No. 42]** |

## I.  INTRODUCTION

Plaintiff Silvia Ramos ("Plaintiff") brings a Motion for Default Judgment ("Motion") against Defendants Jose Luis Juarez and Gabriela Juarez, dba Zapateria Gaby a/k/a Zapateria's Gaby ("Defendants").  The matter was referred to the undersigned for a Report and Recommendation.  A hearing on the Motion, and following the hearing Plaintiff submitted supplemental declarations in support of the Motion. For the reasons stated below, the Court recommends that the Motion be GRANTED.

## II.  BACKGROUND

Plaintiff Silvia Ramos was employed on an hourly basis by Defendants.  Complaint ¶ 1. Plaintiff is a resident of this judicial district.  *Id.* ¶ 2.  Defendants operated their business, retail shoe stores with a primary place of business in San Leandro, CA, within this judicial district.  *Id.* ¶ 3. Plaintiff was hired by Defendants to work on an hourly basis at their retail stores from July 18, 2002 to April 25, 2009.  *See* Declaration of Silvia Ramos in Support of Motion for Default Judgment, ("Ramos Decl."), ¶ 1.

Plaintiff alleges that Defendants have failed to pay her overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes.  Specifically, Plaintiff alleges that

during the course of her employment with Defendants, she regularly worked in excess of 8 hours per day and more than 40 hours per week. Compl. ¶ 9. Plaintiff alleges that Defendants paid her on an hourly basis. *Id. ¶* 10. Plaintiff further alleges that her job duties did not require her to perform "exempt" duties with Defendants, and thus did not subject her to any exemption under the Fair Labor Standards Act ("FLSA"), 29 C.F.R. 541.112, 541.209 and 541.209. Plaintiff did not have "even marginal responsibility for management or administrative functions" and the performance of her job duties did not require "the exercise of independent discretion and judgment or require invention or imagination in a recognized field of artistic endeavor more than fifty percent of her working time." *Id*. ¶ 11. Plaintiff also alleges that she maintained no professional licenses nor did she manage or supervise employees. *Id*. ¶ 12.

Plaintiff asserts six claims against Defendants: 1) Violation of California Fair Labor Code Section 510; 2) Violations of the Federal Fair Labor Standards Act ("FLSA"); 3) violation of California Business and Professions Code Section 17200 *et. seq.*; 4) Violation of California Labor Code Section 226.7; 5) Violation of California Labor Code Section 201; and 6) Violation of California Labor Code Section 226.

In addition to the allegations of the Complaint, Plaintiff has submitted facts through her sworn declaration. In her declaration, Ms. Ramos states that she worked from June 22, 2006 through April 25, 2009, and was paid weekly. She was paid by check for 40 hours and in cash for the remaining hours. Ramos Decl., ¶ 4. During her employment, Plaintiff states that she was never required to "punch in" or "punch out" to keep track of her working hours. *Id.*, ¶ 2. From June 22, 2006 until the end of her employment, Plaintiff worked a fixed weekly schedule from Monday to Sunday, 9:00 a.m. to 8:00 p.m. *See* Amended Declaration of Silva Ramos, ¶ 3. Plaintiff states in her amended declaration that her hourly rate was $7 during the time period April 22, 2006 to December 31, 2007 and from January 1, 2008, her hourly rates was raised to $8 per hour until the end of her employment. Plaintiff alleges that she was never provided with pay stubs or any other statement itemizing her work hours, rate of pay or amount that she had earned. *Id.,* ¶ 7. Plaintiff also states in her declaration that she was never provided with a uninterrupted 30-minute meal periods on any day that she worked. *Id.*, ¶ 8. Plaintiff seeks damages in the amount of $55,690.50.

The Summons and Complaint were served on the Defendants on May 7, 2010. *See* Docket No. 10. The Defendants filed an Answer on September 3, 2010. Thereafter, the Defendants failed to appear in the action. The District Court issued an Order to Show Cause ("OSC") on December 9, 2010 based upon Defendants' failure to appear at the case management conference and failure to file a joint case management statement. *See* Docket No. 22. In that Order, Judge Hamilton warned that failure to appear at the Order to Show Cause hearing "will result in monetary sanction and may also take the form of dismissal or default." *Id.* Defendants responded to the OSC in writing and appeared at the hearing. Thereafter, however, the Court held another case management hearing on May 26, 2011, and neither Defendants nor their counsel appeared at that hearing. *See* Docket No. 33. The Court again issued an OSC, which informed the Defendants that they must appear either in person or through counsel at a hearing scheduled for June 30, 2011. *See* Docket No. 34. Defendants failed to appear at the hearing. *See* Docket No. 35.

The Clerk entered default against Defendants on August 12, 2011. *See* Docket No. 38. Plaintiff filed a motion for entry of default judgment pursuant to Fed. R. Civ. P. 55(b).

## III. ANALYSIS

### A. Adequacy of Service of Process

Where entry of default judgment is requested, the Court must determine whether service of process was adequate. *Bank of the West v. RMA Lumber Inc.*, 2008 WL 2474650, at *2 (N.D.Cal. Jun.17, 2008). If service of process is insufficient, a federal court lacks personal jurisdiction over the defendant and cannot decide the case on the merits. *Omni Capital Int'l. v. Rudolf Wolf & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987).

The Proof of Service indicates that Defendants were served by substitute service at their place of business in San Leandro California on May 7, 2010. Service was accomplished by leaving the papers with an individual "apparently in charge" and by explaining the general nature of the documents. *See* Docket No. 10.

**1. Service on Individual Defendants Gabriela Juarez and Jose Luis Juarez**

According to Federal Rule of Civil Procedure 4(e), an individual may be served in a United States judicial district either by following state law for serving a summons and complaint in the state

3

where the district court is located or where service is made, or by doing one of the following: (1) personally serving the defendant with a copy of the summons and complaint, (2) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (3) delivering a copy of the summons and complaint to someone authorized for the service of process. Fed. R. Civ. P. 4(e)(1)-(2).

Under California law, substitute service may be made on an individual only after attempting to personally serve the defendant with "reasonable diligence." Cal. Civ. Proc. Code § 415.20(b). Generally, "two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Berti Produce v. California Harvest Healthy Foods Ranch* Market, 2012 WL 259575 (N.D. Cal. Jan. 27, 2012) (Ryu, J.) (citing *Bonita Packing Co. v. O'Sullivan,* 165 F.R.D. 610, 613 (C.D. Cal. 1995) (internal quotations and citation omitted). Only after personal service has been attempted with reasonable diligence may a copy of the summons and complaint be left at the defendant's usual place of business, with a "person apparently in charge" thereof, who is "at least 18 years of age, [and] who shall be informed of the contents" of the summons. C.C.P. § 415.20(b). Thereafter, the plaintiff must mail a copy of the documents to the defendant at the address where service was effectuated. *Id.*

Here, the affidavit indicates that the documents were left with "Cindy, employee" a "competent member of the household, at least eighteen (18) years of age, who was informed of the general nature of the papers" at the Defendant's place of business. *See* Docket No. 10. Thereafter, the papers were mailed to the same address, Defendants' place of business. *Id.* There is no indication from the proof of service whether attempts were made at personal service. As such, it appears that the requirements for personal service have not been satisfied.

However, the Defendants filed an Answer in this case. The Court has reviewed the answer and it contains no objection to sufficiency of service. Accordingly, the defect in service has been cured because the Defendants have waived any objection to it by filing an answer that did not object to the improper service. *See Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir.1986) ( "A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction.").

4

**B.     Venue**

Pursuant to 28 U.S.C. § 1391(b), venue is proper in ". . .a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]"  Here, Plaintiff alleges that the Defendants' conduct occurred in the Northern District of California.  Compl. ¶ 6.  Accordingly, the Court finds venue proper in the Northern District.

**C.     Legal Standard Regarding Entry of Default Judgment**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the court may enter a default judgment where the clerk, under Rule 55(a), has previously entered the party's default based upon failure to plead or otherwise defend the action.  Fed. R. Civ. P. 55(b).  A defendant's default, however, does not automatically entitle the plaintiff to a court-ordered default judgment.  *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986).  The district court has discretion in its decision to grant or deny relief upon an application for default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956) (affirming district court's denial of default judgment).  The court may consider the following factors in deciding whether to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default.  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d).  On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  As a result, where the allegations in a complaint are not "well-pleaded," liability is not established by virtue of the defendant's default and default judgment should not be entered.  *Id*.

Damages or other forms of relief awarded are constrained by the rule that judgment by default "must not be different in kind from, or exceed in amount, what is demanded  in the

[complaint]." Fed. R. Civ. P. 54(c).

### D. *Eitel* Factors

#### 1. Possibility of Prejudice to Plaintiff

To the extent that Defendants have failed to appear or otherwise defend this action, Plaintiff will be left without a remedy if default judgment is not entered in her favor. This factor therefore favors entry of default judgment.

#### 2. Excusable Neglect

There is no evidence in the record that Defendants' failure to appear or otherwise defend was the result of excusable neglect. Rather, Defendants failed to appear after being served with the Complaint in this action, filing an Answer and after appearing in district court at an order to show cause hearing. Thereafter, Defendants ceased their participation in this suit. The Defendants' failure to appear in court despite warnings from the district court that default would be entered indicate that their failure to appear was willful. Therefore, this factor favors entry of default judgment.

#### 3. Amount at Stake

This factor balances the amount of money at stake in the claim in relation to the seriousness of the defendant's conduct. *Eitel*, 782 F.2d at 1471-72. If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored

Here, Plaintiff prays for monetary damages, including general, statutory and exemplary statutory damages. Compl. at p. 10 (prayer for relief). Although the Complaint does not specify a dollar amount, in the Application for Default Judgment, Plaintiff seeks $55,690.50 in damages.

Here, Plaintiff has provided evidence on the amount of damages sought, which does not appear disproportionate to the harm alleged. Plaintiff has provided evidence substantiating her claim that she worked 77 hours per week during the time that she was employed with Defendants. Ramos Decl. ¶ 3. Plaintiff has also testified that the Defendants failed to maintain any time records. *Id.* ¶ 2. "Where an employer failed to maintain accurate payroll records an employee carries his burden under the FLSA if he shows he performed work for which he was improperly compensated and produces some evidence to show the amount and extent of that work 'as a matter of just and

6

reasonable inference.'" *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1956)*; Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986). A plaintiff's damages calculation need not be exact in a case, such as this one, where the employer has produced no evidence to rebut the plaintiff's calculations. The result may be "approximate." *Mt. Clemens Pottery*, 328 U.S. at 688.

Because the damages requested are not disproportionate to the harm alleged, this factor weighs in favor of granting default judgment.

### 4. Possibility of Dispute

This factor weighs the possibility that material facts may be in dispute. *Eitel*, 782 F.2d at 1471-72. Here, because Defendants have ceased defending this action, there is an absence of material facts in dispute in the record from which the Court may weigh this factor. Therefore, this factor is neutral.

### 5. Policy for Deciding Cases on the Merits

The court also must weigh the policy consideration that whenever reasonably possible, cases should be decided upon their merits. *Id.* at 1472. The existence of Rule 55(b), though, indicates that this preference towards disposing of cases on the merits is not absolute. *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, because Defendants have failed to respond in this action, deciding this case on its merits is not possible. Therefore, this factor is neutral.

### 6. Allegations and Substantive Merits of the Claim

#### a. Count 1 – California Labor Code § 510

California Labor Code provides that all employees shall be paid one-and-one-half times their regular hourly rate for all hours worked over 8 in one day or 40 in one week whichever is greater. Cal. Lab. Code §510. "In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." *Id*. An employee can recover up to three years of unpaid overtime pursuant to California Labor Code, *Aubry v. Goldhor*, 201 Cal.App.3d 399 (1988) (the recovery of overtime wages was governed by the three-year statute of limitations for a liability created by statute Code Civ. Proc., § 338, former subd. (1), now subd. (a)). Federal courts facing this California legal issue

have held the same. *See Medrano v. D'Arrigo Bros. Co. of Cal.*, 125 F.Supp.2d 1163 (N.D. Cal. 2000) (an action for unpaid overtime under state and federal law is governed by the three-year limitations period). As stated in her declaration, Plaintiff worked since 2002 to April 25, 2009.

The present case was filed on April 22, 2010. Plaintiff is entitled to recover unpaid overtime under Labor Code for her period of employment from April 22, 2007 to April 25, 2009. However, as will be explained in greater detail below, because Plaintiff seeks restitution of her unpaid wages under Business & Professions Code § 17200, *et seq*, which has a four-year statute of limitations, the three-year wages recoverable under Labor Code are subsumed by the restitution amounts calculated below. Thus, the Plaintiff does not seek these damages under Count 1.

The factual allegations of the Complaint, taken as true given the entry of default, suffice to demonstrate Plaintiff's entitlement to damages.

### b.    Count 2 – Liquidated Damages Under the Fair Labor Standards Act ("FLSA")

In Count Two of her Complaint, Plaintiff alleges a cause of action for liquidated damages under the FLSA, in an amount equal to her unpaid overtime. 29 U.S.C. 216(b) mandates an award of liquidated damages in an amount equal to unpaid overtime (*King v Board of Education*, 435 F.2d 295 (1970)), unless the employer establishes that: (I) its failure to pay required overtime is in good faith; and (ii) it had reasonable ground to believe that his act or omission was not in violation of FLSA. *McClanahan v. Mathews*, 440 F2d 320 (1971). Similar to California Labor Code § 510, the FLSA provides that all employees shall be paid one and one half times their regular rate for all hours worked in excess of 40 in one week. *See* 29 U.S.C. §207.

In *Service Employees Int'l Union, Local 102 v. County of San Diego*, the court held that the: "FLSA provides that an employer who violates the minimum wage or maximum hour provisions 'shall be liable for . . . the payment of wages lost and an equal amount as liquidated damages.' 29 U.S.C. § 216(b). .

The FLSA, 29 U.S.C. § 255(a) provides that

[a]ny action …to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. 201 et seq.], …, may be commenced within two years after the cause of

action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

Plaintiff alleges wilfulness in her Complaint that: "Although not so exempt during employment with Defendants, Defendants knowingly caused and permitted Plaintiff to regularly work in excess of forty hours per week without paying Plaintiff one and one half of Plaintiff's regular rate of pay." Compl. at ¶ 25. By virtue of the Defendants' default, these factual allegations in the Complaint have been established. *TeleVideo Systems Inc. v. Heidenthal*, 826 F2d 915, 917 (9th Cir. 1987).

Section 216(b) mandates that when overtime is not properly provided to employees, liquidated damages must be awarded to such employees in the amount equal to the amount already owed. *See* 29 U.S.C. § 216(b). Accordingly, the Court finds that Defendants should be liable for the liquidated damages equal to the amount of overtime owed to Plaintiff. Here, Defendant has not participated in this litigation and has not provided any mitigating reasons for their lack of compliance. As stated above, Plaintiff has submitted evidence that she worked a fixed schedule of 77 hours a week during her employment with Defendants. Ramos Decl., ¶ 3. Plaintiff has thus adequately described the amount of overtime worked.

Plaintiff commenced this action on April 22, 2010, thus Plaintiff is entitled to recover the liquidated damages equal to unpaid overtime for the period from April 22, 2007 to the end of her employment on April 25, 2009. From April 22, 2007 to December 31, 2007, Plaintiff was paid $7 per hour. Ramos Decl., ¶ 5. There are 36 weeks in this period. Declaration of Adam Wang, ¶ 2. Thus, Plaintiff states that the liquidated damages for this period are: $7 per hour multiplied by 0.5, x (77 hours worked per week – 40 hours) x 36 weeks = $4,662. *Id.*

For the period from January 1, 2008 to April 25, 2009, Plaintiff was paid $8 per hour. There are 68 weeks. According to the Plaintiff, the liquidated damages for this period are: $8 per hour x 0.5 x (77 hours worked a week – 40) x 68 weeks = $8,976. Accordingly, the total amount of liquidated damages should be: $13,638.00

    **c.  Count 3 – Meal Period Premiums Under California Labor Code § 226.7**

9

California Labor Code § 226.7 provides that "[n]o employer shall require any employee to work during any meal or rest period. . . ." Cal. Labor Code § 226.7(a). An employer is required to provide employees with a meal period of not less than 30 minutes if the employee is employed for more than five hours per day. Cal. Labor Code § 512. "If an employer fails to provide an employee a meal period or rest period . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Cal. Labor Code. § 226.7(b).

Plaintiff alleges in her Complaint that "[d]uring Plaintiff's employment with Defendants, Plaintiff worked at least 5 hours a day, without the provision of a meal break or breaks as required by law." Complaint at ¶ 33. In Plaintiff's sworn declaration, she states that she worked 7 days a week. and was not provided any of the required uninterrupted meal periods during the workday. Ramos Decl., ¶¶ 3, 8. For each day worked, Plaintiff was entitled two meal breaks because under California law Under California state law, if an employee works five or more hours in a day, the employee has the right to a 30–minute meal period, free of any job duties and starting no later than the fifth hour of work. *See Brinker Rest. Corp. v. Super. Ct.*, 139 Cal.Rptr.3d 315, 343–44 (Cal. 2012) (discussing Labor Code section 512). Plaintiff worked 11 hours per day. Plaintiff is entitled to recover two hours pay at her regular rate for each day she worked. As discussed above, because the claim for the meal premiums arises under California Labor Code; and Labor Code allows Plaintiff to recover 3 years of unpaid meal period premium counting from the date of the Complaint. Therefore Plaintiff is entitled to recover meal premiums up to April 22, 2007. After five hours, an employee is entitled to one meal period. After ten hours, an employee is entitled to a second.

However, because the meal premiums for missed meal breaks under Cal. Labor Code § 266.7 constitute wages, (*see Murphy v. Kenneth Cole Productions, Inc*., 40 Cal. 4th 1094 (2007)), Plaintiffs are entitled to recover restitution of up to four years of the premiums for missed meal periods under Business & Professions Code § 17200. Therefore, the three-year wages recoverable under Labor Code are subsumed by the restitution sought by Plaintiff and calculated below and so the Plaintiff does not seek them here. Pl.'s Motion at 8.

10

### d.  Count 4 – Waiting Time Penalties Pursuant to California Labor Code § § 201 and 203

California law requires the prompt payment of all wages due. "Wages" include pay for all hours worked, including overtime pay. *See* Cal. Lab. Code § 200(a). If an employer fails to pay all wages due, California Labor Code §203 requires payment of "waiting time penalties" to the affected employees:

> If an employer willfully fails to pay, without abatement or reduction, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

Cal. Labor Code §203(a). Under California Labor Code §201, employees who are discharged must be paid all of their wages immediately, while employees who are laid off must be paid within seventy-two hours of the lay-off. Under California Labor Code §202, employees who quit must be paid all of their wages within seventy-two hours of the time of quitting. If the employer fails to pay all wages due within these time limits, the employee is entitled to a full-day's wages for each day that passes until payment is made, up to the date of filing of the complaint or 30 days, whichever is shorter. The language of §203, by use of the term "shall" regarding the payment of this penalty, is mandatory. An employer effects a "discharge" not only when it fires an employee, but also when it releases an employee upon completion of a job assignment or time duration for which she was hired. *See Smith v. Superior Court*, 39 Cal.4th 77 (2006). In addition, the use of the term "willful" under Section 203 means that an employer has intentionally failed or refused to perform an act which was required to be done. *Rivera v. Rivera*, 2001 WL 1878015 *7 (N.D. Cal. 2011) (citing *Amaral*, 163 Cal.App.4th at 1201). "The employer's refusal to pay need not be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due." *Id.* Rather, a willful failure to pay wages under Labor Code § 203 results when an employer intentionally fails to pay wages that are due to an employee when those wages are due. *Rivera*, 2001 WL at *7 (citing Cal. Code Reg. § 13520).

By having default entered against them, the facts as alleged in the Complaint are deemed admitted, and Defendants have not submitted facts or evidence to contradict the imposition of

11

penalties under §203, as alleged by Plaintiff. As such, because 30 days has lapsed, Plaintiff is entitled to the maximum amount of 30 days of wages at 8 hours per day, paid at her regular rate of $8 per hour (her most recent rate of pay): $8 per hour x 8 hour a day x 30 days = $1,920.

### e. Count 5 - Restitution Under Business & Professions Code § 17200

In her Complaint, Plaintiff has alleged a cause of action for restitution equal to her unpaid wages. Business and Professions Code section 17200 prohibits three types of wrongful business practices: any (1) unlawful, (2) unfair, or (3) fraudulent business practice or act. *See People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*, 104 Cal.App.4th 508, 515 (2002). "With respect to the unlawful prong, [v]irtually any state, federal or local law can serve as the predicate for an action under section 17200." *Id.* (internal citation and quotation marks omitted). "'[I]n essence, an action based on Business and Professions Code section 17200 to redress an unlawful business practice 'borrows' violations of other laws and treats these violations, when committed pursuant to a business activity, as unlawful practices independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder.'" *Id.* (quoting *Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383 (1992)).

Any person harmed by such unfair practice is entitled to restitution. *See* Cal. Business & Professions Code §17203. Restitution under §17203 is a distinct remedy, cumulative to remedies under any other laws of California. *See* California Business & Professions Code §17205; *see also Cortez v. Purolater Air Filtration Products Company,* 23 Cal.4th 163 (2000).

The restitution sought here under Business & Professions Code §17203 allows for a four year statute of limitation. Business & Professions Code § 17208. In *Janik v. Rudy, Exelrod & Zieff,* 119 Cal. App. 4th 930 (2004), the plaintiffs' attorney, who had recovered $90 million in an overtime class action, was sued for malpractice when he pursued only a Labor Code claim that carries a 3 year statute of limitations period, but failed to pursue the UCL claim that carries 4 year statute of limitations period. The trial court granted the defendant's demurrer on the ground that § 17203 only covers three years of the back overtime pay. In reversing the trial court's order, the appellate court held that "if [a UCL claim] was not included as part of the … action the claim for an additional year of recovery was lost." *Id.* at 943. The California Supreme Court has found that § 17203 carries a

12

four year statute of limitations. *See Cortez*, 23 Cal.4th 163, at 179-80 (specifically holding that any action pursuant to § 17203 carries a 4-year statute of limitations period). As such, Plaintiff has established her entitlement to up to four years of unpaid overtime wages as restitution.

Because the meal premiums for missed meal breaks under Cal. Labor Code § 266.7 constitute wages (*see Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094 (2007), Plaintiff is also entitled to recover up to four years of the premiums for missed meal periods, in addition to four years of unpaid overtime pay.

Plaintiff filed her Complaint on April 22, 2010, therefore, the four-year period commences from April 22, 2006. During this period, Plaintiff was paid $7 per hour from April 22, 2006 to December 31, 2007; and $8 per hour from January 2008 to April 25, 2009. Ramos Decl., ¶ 5. Plaintiff's restitution for unpaid overtime and unpaid meal premiums has been calculated as follows:

### i. Restitution for Unpaid Overtime

Plaintiff worked 77 hours a week. Ramos Decl., ¶ 3. Of these 77 hours worked, 34 hours are regular overtime for which Plaintiff is entitled to one-and-one-half of her regular rate. Three hours were worked over 8 hours on the 7th day of the week. As such, Plaintiff is entitled to double the regular rate for 3 three hours every week. Plaintiff is thus entitled to overtime:

For the period from April 22, 2006 to December 31, 2007, overtime owed Plaintiff:

*One-and-one-half overtime*: $7 per hour x 0.5[1] x 34 hours in one-and one-half overtime a week x 88 weeks[2] = $10,472. *Double overtime*: $7 per hour x 1 x 3 hours in double overtime a week x 88 weeks = $1,848.00.

For the period from January 1, 2008 to April 25, 2009, overtime owed Plaintiff:

*One-and-one-half overtime*: $8 per hour x 0.5 x 34 hours in regular overtime x 68 weeks[3] =

---

[1] Plaintiff had been paid straight time every hour worked. Only that extra half of the regular rate is owed.

[2] There are 88 weeks, rounded down, during the period from April 22, 2006 to December 31, 2007. *See* Wang Decl., Docket No. 49.

[3] There are 68 weeks during the period from January 1, 2008 to April 25, 2009.

13

$9,248. *Double overtime*: $8 per hour x 1[4] x 3 hours in double overtime a week x 68 weeks = $1,632. Total overtime owed: $23,200.00.

### ii. Unpaid Meal Premiums:

For the period from April 22, 2006 to December 31, 2007, meal premiums owed Plaintiff: $7 per hour x 7 days worked a week x 2 missed meals per day[5] x 88 weeks = $8,624. For the period from January 1, 2008 to April 25, 2009, meal premiums owed Plaintiff: $8 per hour x 7 days worked a week x 2 missed meals per day x 68 weeks = $7,616. Total amount for unpaid meal premiums: $16,240.

### f. Count 6 - Damages or Inadequate Pay Statements Under Cal. Labor Code § 226

California Labor Code §226 requires an employer to provide to the employee a wage statement each pay period detailing the hours worked, amounts paid, deductions taken, gross wage amounts, net wage payments, dates of payment, and any piece-rate payments made. Cal. Lab. Code §226. Under California Labor Code § 226(e), if an employer fails to provide such statements an employee is entitled to the greater of actual damages or $50 for the first inadequate statement, and $100 for each statement thereafter, not to exceed $4,000. Cal. Labor. Code § 226(e). *See also, Rivera,* 2001 WL 1878015 at *8.

Plaintiff alleges that she was never provided with wage statements as described in California Labor Code §226. Ramos Decl., ¶¶ 4, 7. As discussed above, Plaintiff was owed over $23,000.00 in unpaid overtime under California law. In light of the language of § 226 that an employee is entitled to no less than the "actual damages, …, not exceeding $4,000," the unpaid wages constitute the "actual damages" for the purpose of measuring the damages an employee is entitled to under § 226. *See Cornn v. United Parcel Service, Inc.*, 2006 WL 449138 at *3 (N.D. Cal. 2006) (Henderson, J.). As such, Plaintiff is entitled to recover $4,000 under § 226.

---

[4] Plaintiff has been paid straight time every hour worked; and is only owed the overtime premium of one additional hour at the regular rate for each hour worked during the double hours.

[5] Wage Order for Mercantile Industry at California Code of Regulation, Title 8, § 11070, sub 11.

### E. Remedies

#### 1. Damages

For the reasons stated above, Plaintiff has provided evidence to support his damages figure, and $ should be awarded, as set forth in greater detail below:

| Count Number | Amount |
| --- | --- |
| 1. Overtime under Cal. Labor Code § 510 | $0 (because the unpaid overtime will be recovered in restitution under Cal. Bus. & Prof. Code § 17200, *et. seq*. under Count 5. Thus, Plaintiff does not include the overtime under Cal. Labor Code § 510 in the total damages requested. |
| 2. FLSA Liquidated Damages | $12,472.50 |
| 3. Meal Period Premiums Under Cal. Labor Code § 226.7 | $0 (Because Plaintiff seeks the unpaid meal premiums as restitution under Cal. Bus. & Prof. Code § 17200 *et. seq*., Plaintiff does not include the Labor Code meal period premiums in the damages requested.) |
| 4. "Waiting time" penalty under Cal. Labor Code § 203 | $1,920.00 |
| 5. Restitution under Cal Bus. & Prof. Code § 17203 | $37,298.00 ($21,940 in unpaid overtime + $15,358 in unpaid meal premiums) |
| 6. Penalties Under Cal. Labor Code § 226 | $4,000.00 |
| **TOTAL DAMAGES** | $55,690.50 |

#### 2. Attorneys' Fees & Costs

Plaintiff seeks "reasonable" attorneys' fees and costs in her Complaint. However, in the Motion for Default Judgment there is no itemized fee request. Because the Court lacks sufficient information in order to conduct any inquiry with respect to fees and costs, the Plaintiff's request for fees should be DENIED WITHOUT PREJUDICE to refiling a motion for fees that contains supporting evidence, including hourly rates used, the market rate, and hours spent on the case.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED THAT the Motion for Default

Judgment as to Defendants be GRANTED.  Plaintiff should be awarded damages in the amount of $55,690.50.  The Motion for attorneys' fees should be DENIED WITHOUT PREJUDICE to refiling a motion for fees with appropriate evidence.

IT IS SO ORDERED.

Dated:  August 8, 2012

JOSEPH C. SPERO
United States Magistrate Judge